# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-0393V
Filed: June 22, 2015
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| DANIELLE SUTLEY, | \* | |
| | \* | |
| Petitioner, | \* | Ruling on Entitlement; Concession; |
| | \* | Influenza ("flu") vaccine; Shoulder Injury |
| v. | \* | Related to Vaccine Administration |
| | \* | ("SIRVA"); Damages Decision Based |
| | \* | on Proffer; Special Processing Unit |
| SECRETARY OF HEALTH | \* | ("SPU") |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*David J. Schexnaydre*, Schexnaydre Law Firm, Mandeville, LA, for petitioner.
*Jennifer L. Reynaud*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

**Vowell**, Chief Special Master:

On April 20, 2015, Danielle Sutley filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. The petition alleges that as a result of an Influenza ("flu") vaccination on October 11, 2013, petitioner suffered a shoulder injury related to vaccine administration ("SIRVA"). The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On June 22, 2015, respondent filed her Rule 4(c) Report ["Respondent's Report"], in which she concedes that petitioner is entitled to compensation in this case. Respondent's Report at 3. Specifically, respondent "believes that petitioner's alleged

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

injury is consistent with a [SIRVA]" that "was caused-in-fact by a vaccination." *Id*. Respondent stated that "based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the [Vaccine] Act." *Id*.

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

Additionally, respondent incorporated a proffer on award of compensation ("Proffer") into her Rule 4(c) Report detailing compensation for all elements of compensation to which petitioner would be entitled under §15(a). According to respondent's Proffer, petitioner agrees to the proposed award of compensation.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $100,000.00 in the form of a check payable to petitioner.**

This amount represents compensation for all damages that would be available under §15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

> **s/Denise K. Vowell**
> Denise K. Vowell
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DANIELLE SUTLEY,<br><br>　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　Respondent. | No. 15-393V<br>Chief Special Master Vowell<br>ECF |

### RESPONDENT'S RULE 4(c) REPORT AND PROFFER ON DAMAGES

On April 20, 2015, Danielle Sutley ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. The Petition alleges that petitioner received an influenza ("flu") vaccine in her left shoulder on October 11, 2013, and subsequently suffered a shoulder injury related to vaccine administration (SIRVA) as a result of the flu vaccination. Petition at *Preamble*.

Medical personnel at the Division of Injury Compensation Programs ("DICP") at the Department of Health and Human Services have reviewed the Petition and medical records filed in the case, to determine whether petitioner qualifies for compensation under the Vaccine Act. DICP has concluded that compensation is appropriate in this case. In accordance with Vaccine Rule 4(c), the Secretary of Health and Human Services ("respondent") submits the following as her responsive report.

### FACTUAL SUMMARY

Petitioner was a 39 year-old registered nurse and clinical specialist in the medical device industry when she received a flu vaccine on October 11, 2013, at Walgreens. Petitioner's

1

Exhibit ("Pet. Ex.") 2 at 1; Pet. Ex. 3-4 at 7.  Approximately three weeks later, on October 31, 2013, petitioner presented to orthopedist Barton L. Wax, M.D., with complaints of dull, aching left shoulder pain since her flu vaccination.  Pet. Ex. 4 at 47.  Dr. Wax noted of petitioner had pain with active internal rotation of her shoulder and passive external rotation.  *Id*. at 48.  She also had tenderness to palpation over her deltoid.  *Id.*  He prescribed Mobic (a nonsteroidal anti-inflammatory) and home exercises.  *Id*. at 49.  When her symptoms did not improve, petitioner started physical therapy on November 27, 2013.  Pet. Ex. 5-1 at 8-9.  A January 7, 2014 MRI of petitioner's left shoulder revealed tendinopathy of the infraspinatus tendon and labral tears.  Pet. Ex. 6 at 3.

On January 9, 2014, petitioner discussed the MRI results with Dr. Wax.  Pet. Ex. 4 at 31-33.  Petitioner reported intermittent dull, aching mild-to-moderate left shoulder pain that was aggravated by reaching, laying on her side, and weather changes.  *Id*. at 31.  She had full range of motion in her shoulder, but some diffuse tenderness to palpitation was still present.  *Id*. at 32.  A second cortisone injection and additional physical therapy were ordered, but neither provided significant relief.  Ex. 4 at 33, 19.

In May 2014, petitioner moved from Louisiana to Colorado.  Pet. Ex. 1.  On May 30, 2014, petitioner sought treatment from orthopedic surgeon James Johnson, M.D.  Pet. Ex 7 at 18.  She recounted to Dr. Johnson gradually worsening left shoulder pain since her October 2013 flu vaccination.  *Id*.  She believed the vaccination had been administered "in an incorrect spot."  *Id.*  Dr. Johnson diagnosed petitioner with shoulder bursitis, chronic partial thickness tear of the rotator cuff, and shoulder impingement syndrome.  *Id*. at 22.  Since prior conservative treatment had failed, Dr. Johnson recommended surgical repair.  *Id*. at 18, 22.

On June 17, 2014, Dr. Johnson performed an arthroscopic subacromial decompression and arthroscopic debridement of the labrum of petitioner's left shoulder.  Pet. Ex. 7 at 22-23.

Petitioner attended twelve physical therapy sessions during the next three months. *See generally* Pet. Ex. 9. During the first few weeks after surgery, petitioner described constant pain that 6/10 in severity that worsened with movement. *Id*. at 28-34. She found it difficult to pick-up and play with her two young children. *Id*. By her July 14, 2014 physical therapy visit, petitioner's pain had improved in that it was now only occasionally at night. *Id*. at 26. However, her shoulder felt weak and fatigued by the end of the day. *Id.* At petitioner's most recent visit to physical therapy on September 11, 2014, her primary complaint was "occasional pain in left shoulder at night." *Id*. at 15. While overall petitioner's shoulder strength had improved since surgery, some lingering weakness was noted, particularly with flexion and external rotation. *Id*.

## ANALYSIS

DICP believes that petitioner's alleged injury is consistent with a shoulder injury related to vaccine administration ("SIRVA"). As such, DICP agrees that petitioner's claim satisfies the *Althen* requirements and that her alleged injury was caused-in-fact by a vaccination. *See Althen v. HHS*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). No other cause for petitioner's condition has been identified. *See* 42 U.S.C. § 300aa-13(a)(1)(B). Based on the medical records outlined above, petitioner has met the statutory requirements by suffering the residual effects of her condition for more than six months. *See id.* at § 300aa-11(c)(1)(D)(i). Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act.

## PROFFER ON AWARD OF COMPENSATION

**I.    Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $100,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$100,000.00** in the form of a check payable to petitioner.[1]  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

        Respectfully submitted,

        BENJAMIN C. MIZER
        Principal Deputy Assistant Attorney General

        RUPA BHATTACHARYYA
        Director
        Torts Branch, Civil Division

        VINCENT J. MATANOSKI
        Deputy Director
        Torts Branch, Civil Division

        LYNN E. RICCIARDELLA
        Senior Trial Attorney
        Torts Branch, Civil Division

        s/ Jennifer L. Reynaud
        JENNIFER L. REYNAUD
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel:  (202) 305-1586

Date:  June 22, 2015

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.