# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-0393V
### Filed: September 29, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| DANIELLE SUTLEY, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | |
| | * | Attorney Fees and Costs; Stipulation |
| SECRETARY OF HEALTH AND | * | Special Processing Unit ("SPU") |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*David J. Schexnaydre, Schexnaydre Law Firm, Mandeville, LA, for petitioner.*
*Jennifer L. Reynaud, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEY FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On April 20, 2015, Danielle Sutley filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. The petition alleged that as a result of an Influenza ("flu") vaccination on October 11, 2013, petitioner suffered a shoulder injury related to vaccine administration ("SIRVA"). On June 22, 2015, I issued a decision awarding compensation to petitioner based on a proffer.

On September 28, 2015, the parties filed a Stipulation of Fact Concerning Attorneys' Fees and Costs. According to the stipulation, the parties agree upon an award of $10,800.26 in attorneys' fees and costs. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e).  I find the proposed amount to be reasonable.

**Accordingly, I award the total of $10,800.26**[3] **as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel David J. Schexnaydre.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> **Nora Beth Dorsey**
> Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).